LAW OFFICES OF SIMON HARTER, ESQ.
Simon Harter (SH-8540)
304 Park Avenue South – 11th Floor
New York, New York 10010
(212) 979-0250 - Phone
(212) 979-0251 - Fax
Attorneys for Plaintiff, Hudson Corporation, A.G.





**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x

| | |
|---|---|
| HUDSON CORPORATION, A.G., | 07 CIV 5589 |
| Plaintiff | |
| -against- | |
| MED-ASIA SHIPPING (HK) LTD., a/k/a MED-ASIA SHIPPING (HONG KONG) LTD.; MED-ASIA SHIPPING LTD., a/k/a MED-ASIA SHIPPING, INC.; and NEPA SHIPPING AGENCY (HK) LTD., a/k/a NEPA SHIPPING (HONG KONG) LTD., | **VERIFIED COMPLAINT** |
| Defendants | |

-----------------------------------------------------------------x

Plaintiff, HUDSON CORPORATION, A.G., by its attorneys, Law Offices of Simon Harter, Esq., as and for its Verified Complaint against the named Defendants, MED-ASIA SHIPPING (HK) LTD., a/k/a MED-ASIA SHIPPING (HONG KONG) LTD.; MED-ASIA SHIPPING LTD., a/k/a MED-ASIA SHIPPING, INC.; and NEPA SHIPPING AGENCY (HK) LTD., a/k/a NEPA SHIPPING (HONG KONG) LTD. (herein referred to collectively as "Defendants"), alleges upon information and belief as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, in that it involves claims for breach of a maritime contract of

charter party. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333, and this Court's federal question jurisdiction pursuant to 28 U.S.C. §1331.

2. At all times relevant hereto, Plaintiff was and still is a foreign business entity organized and existing under the laws of Switzerland with a registered office at Limmatquai 116, 8001 Zurich, Switzerland.

3. At all times relevant hereto, Defendant Med-Asia Shipping (HK) Ltd., a/k/a Med-Asia Shipping (Hong Kong) Ltd. (hereinafter "Med-Asia Hong Kong"), was and still is a foreign business entity, which Plaintiff believes to be organized and existing under the laws of The Peoples' Republic of China and with a registered office or principal place of business at Suite 3404 - 34th Floor, Singa Commercial Centre, 148 Connaught Road West, Hong Kong.

4. At all times relevant hereto, Defendant Med-Asia Shipping Ltd., a/k/a Med-Asia Shipping, Inc. (hereinafter "Med-Asia Mauritius"), was and still is a foreign business entity, which Plaintiff believes to be organized and existing under the laws of the Republic of Mauritius and with a registered office or principal place of business at 2nd Floor, Felix House, 24 Dr. Joseph Riviere Street, Port Louis, Mauritius.

5. At all times relevant hereto, Defendant Nepa Shipping Agency (HK) Ltd., a/k/a Nepa Shipping (Hong Kong) Ltd. (hereinafter "Nepa"), was and still is a foreign business entity, which Plaintiff believes to be organized and existing under the laws of the Peoples' Republic of China and with a registered office or principal place of business at Suite 3404 - 34th Floor, Singa Commercial Centre, 148 Connaught Road West, Hong Kong.

6. On or about March 29, 2007, Plaintiff, in the capacity as charterer, entered into a maritime contract of charter party, written on an amended GENCON form, with Med-Asia Hong

Kong, pursuant to which Med-Asia Hong Kong agreed to let, and Plaintiff agreed to charter, a vessel, to be nominated, for a single voyage from Bayuquan, China to Huelva, Spain for carriage of 6,000 M/T of hot rolled coils of steel at an agreed freight rate of US $75.00 per metric ton (hereinafter "M/T").

7.    Plaintiff performed under the terms of the charter party and the cargo was ready to load at the load port on May 10, 2007.

8.    Med-Asia Hong Kong declined, or otherwise failed, to present a vessel at the load port by the cancelling date provided under the charter party.

9.    As a consequence of the foregoing, Med-Asia Hong Kong is in breach of the contract of charter party, and such breach has resulted in Plaintiff suffering damages in the way of having to secure an alternate vessel for the transportation of the cargo at a freight rate of US $105 per M/T, which is a US $30 per M/T increase over and above the agreed freight rate provided in the charter party between Plaintiff and Med-Asia Hong Kong.

10.   As a further consequence of Med-Asia Hong Kong's breach of charter party, Plaintiff has suffered damages in the way of having to grant the purchaser of the steel coils a Euro 30 per M/T discount due to the delayed delivery of the cargo.

11.   As nearly as can presently be determined, Plaintiff calculates its damages at US $420,462.00, representing the difference between the freight rate of the charter party at issue (US $75 per M/T) and the rate Plaintiff ultimately secured to ensure delivery of the 6,000 M/T of cargo (US $105 per M/T), plus a Euro 30 per M/T discount to the purchaser of the cargo, resulting in a total damage claim of US $420,462.00. (As of the date of this Verified Complaint, the rate of exchange is €1 = US $1.3359).

12. In addition to an attachment in the full amount of the claim as outlined above, Plaintiff also seeks an attachment over an additional sum to cover its anticipated attorneys' fees, costs and interest, all of which are recoverable in London arbitration.

13. Plaintiff estimates, as nearly as can be computed, these additional damages/costs to be $148,069.30, comprised of interest in the sum of $63,069.30 (computed on the principal amount sought at a rate of 7.5% for a period of two years – the estimated timeframe within which arbitration will be completed); and $85,000.00 estimated U.K. counsel fees and arbitrators' fees, which will be incurred in conjunction with the London arbitration, and which are recoverable under English law.

14. Based upon the foregoing, the sum total sought to be attached in this action is $568,531.30.

15. On information and belief, Med-Asia Hong Kong, Med-Asia Mauritius and Nepa acted as partners and/or joint venturers in the contract of charter party, and, hence, as partners and/or joint venturers, Med-Asia Hong Kong, Med-Asia Mauritius and Nepa should each be liable to Plaintiff for all amounts claimed herein.

16. On information and belief, Med-Asia Hong Kong has no assets, or has insufficient assets, to pay its creditors for services, obligations, undertakings, liabilities, and/or all other debts contracted for, or by, Med-Asia Hong Kong.

17. On information and belief, Med-Asia Hong Kong uses Med-Asia Mauritius and Nepa to hold the assets of, and make payments for and on behalf of, Med-Asia Hong Kong, all for the purpose of hindering and avoiding Med-Asia Hong Kong's creditors, and, hence, Med-Asia Hong Kong, Med-Asia Mauritius and Nepa should each be liable to Plaintiff for all amounts claimed herein.

18.   On information and belief, in the alternative, the assets of Med-Asia Hong Kong are intermingled with the assets of Med-Asia Mauritius and Nepa, and, hence, Med-Asia Hong Kong, Med-Asia Mauritius and Nepa should each be liable to Plaintiff for all amounts claimed herein.

19.   On information and belief, in the further alternative, Med-Asia Hong Kong, Med-Asia Mauritius and are alter egos of one another, and should each be liable to Plaintiff for all amounts claimed herein.

20.   On information and belief, and in the further alternative, Med-Asia Hong Kong is a shell corporation which acts through others, including Med-Asia Mauritius and Nepa Shipping, which, individually or jointly, dominate and control Med-Asia Hong Kong, for their respective or collective purposes, in disregard of corporate formalities and corporate separation, all for the purpose of hindering and avoiding Med-Asia Hong Kong's creditors, and, hence, Med-Asia Hong Kong, Med-Asia Mauritius and Nepa should each be liable to Plaintiff for all amounts claimed herein.

21.   On information and belief, Med-Asia Mauritius and/or Nepa Shipping does/do now, or will during the pendency of this action, hold assets belonging to Med-Asia Hong Kong, and those assets should be subject to attachment as assets of Med-Asia Hong Kong.

22.   Upon information and belief, and after investigation, Defendants cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, but Plaintiff avers, on information and belief, that one or more Defendants have, or will have during the pendency of this action, assets within this District comprising, *inter alia*, cash, funds, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, or any other tangible or

intangible property, of, belonging to, due, claimed by or being held by or for the benefit of any or all Defendants (hereinafter "assets"), located at, moving through, or held by, any garnishee(s) located within this District, including but not limited to HSBC (USA) Bank; ABN Amro Bank N.V.; Deutsche Bank AG, and/or others.

23. Plaintiff, for its part, has satisfied all of its obligations under the terms of the charter party.

24. The charter party provides that disputes arising thereunder shall be subject to London arbitration, and Plaintiff specifically reserves its rights to arbitrate the substantive matters at issue in accordance therewith.

**WHEREFORE**, Plaintiff, HUDSON CORPORATION, A.G., prays:

a. That process in due form of law according to the practice of this Court may issue against Defendants, MED-ASIA SHIPPING (HK) LTD., a/k/a MED-ASIA SHIPPING (HONG KONG) LTD.; MED-ASIA SHIPPING LTD., a/k/a MED-ASIA SHIPPING, INC.; and NEPA SHIPPING AGENCY (HK) LTD., a/k/a NEPA SHIPPING (HONG KONG) LTD., citing them to appear and answer the foregoing, and failing such appearance and answer, to have judgment by default against the Defendants in the principal amount of the claim, plus interest, costs and reasonable attorneys' fees;

b. That if Defendants cannot be found within this District pursuant to Supplemental Rule B, that all assets of Defendants up to and including the sum of $568,531.30 may be restrained and attached, including but not limited to any cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due, or for the benefit of, Defendants, including but not limited to such assets as may be held, received or transferred in its own name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking institutions including but not limited to HSBC (USA) Bank, ABN Amro Bank, N.V., Deutsche Bank AG, and /or any other garnishees(s) upon whom a copy of the Process Maritime Attachment and Garnishment, or any supplemental process, issued of this action may be served;

c. That an Order be entered directing Defendant(s) to proceed to London arbitration for the adjudication of the merits of the claim;

    d.    That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary in order to give effect to the London arbitration; and

    e.    For such other, further and different relief as this Court may deem just and proper in the circumstances.

Dated: June 11, 2007

                        **LAW OFFICES OF SIMON HARTER, ESQ.**
                        Attorneys for Plaintiff,
                        HUDSON CORPORATION, A.G.

By:    _/s/ Simon Harter_
        Simon Harter (SH-8540)
        304 Park Avenue South – 11th Floor
        New York, New York 10010
        (212) 979-0250 (Phone)
        (212) 979-0251 (Fax)

## ATTORNEY VERIFICATION

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF NEW YORK       )

**SIMON HARTER** verifies the following pursuant to 28 U.S.C. §1746:

1. I am a member of the Law Offices of Simon Harter, Esq., Attorneys for Plaintiff, HUDSON CORPORATION, A.G., in this action and a Member of the Bar of this Honorable Court. I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications, information, and documentation provided by the Plaintiff and/or its duly authorized agents.

3. The reason this Verification is made by an attorney and not the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

I declare under penalty of perjury that the foregoing is true and correct.

New York, New York
Executed on the 11th day of June, 2007.

Simon Harter (SH-8540)
Law Offices of Simon Harter, Esq.
304 Park Avenue South – 11th Floor
New York, New York 10010
(212) 979-0250 - Phone
(212) 979-0251 - Fax